IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-00507-WYD-MEH

GARRET GIORDANO, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

NVIDIA CORPORATION,

    Defendant.

## ORDER TO TRANSFER VENUE

THIS MATTER comes before the Court on the Parties' Joint Motion to Transfer Venue (ECF No. 14), filed September 16, 2015.  In the motion, the parties jointly request that I enter an order transferring this action to the Northern District of California in order to "promote justice and efficiency, greatly reduce the burden of litigation on these parties, conserve judicial resources," and serve the parties' and the Court's best interests.  (Mot. at 1).

By way of background, Plaintiff Giordano filed the instant action against Defendant NVIDIA on behalf of himself and a class of purchasers of graphics and video cards.  In addition to this matter, a total of 13 related putative class action complaints have been filed since February 2015, nine of which were filed in the U.S. District Court for the Northern District of California.  To date, eight of these nine related actions have been consolidated in the U.S. District Court for the Northern District of California under the caption *In re NVIDIA GTX 970 Graphics Chip Litigation*, Lead Case No.

3:15-cv-00760-CRB (N.D. Cal.) ("the Consolidated Proceeding"). The parties thus respectfully and jointly request that I transfer this action to the Northern District of California for inclusion in the related consolidated actions pending in the Northern District of California.

"[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) was designed to allow an "easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). It accords district courts "broad discretion," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988), to transfer actions to another district "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted).

For the reasons stated in the parties' joint motion, I find that all interests and factors favor the transfer of this action to the Northern District of California. NVIDIA is located in the Northern District of California, the events relevant to the claims asserted in the Related Actions occurred there, and the witnesses and documents relevant to the claims are located there as well. Nine of the Related Actions, including the first-filed case, were filed in that District. Moreover, all of the complaints involve the same subject matter, facts and circumstances, virtually identical questions of fact, and the same essential legal issues, as the Related Actions in the Consolidated Proceeding.

Accordingly, I find that a transfer will serve the interests of judicial economy and

efficiency, benefitting both parties as well as the Court, and all other third parties who would be unnecessarily inconvenienced by having several, identical actions litigated in multiple courts.

It is ORDERED that the Parties' Joint Motion to Transfer Venue (ECF No. 14) is **GRANTED**.  This action is **TRANSFERRED** to the Northern District of California.

Dated:  September 24, 2015

BY THE COURT:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE